UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 03-4256

TONYA LYNN LEE,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
John T. Copenhaver, Jr., District Judge.
(CR-02-156)

Submitted: September 24, 2003

Decided: November 12, 2003

Before LUTTIG, MOTZ, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

William C. Forbes, Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, Steven I. Lowe, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Tonya Lynn Lee appeals her conviction on six counts of making false statements in the acquisition of firearms, in violation of 18 U.S.C. § 924(a)(1)(A) (2000). We affirm.

Lee purchased the firearms for her boyfriend, who gave her money with which to purchase the guns. Each time she purchased firearms, Lee completed and signed an ATF Form 4473. Some months after Lee bought the firearms, the form was revised. At trial, the district court rejected Lee's request that the revised form be admitted into evidence. The court found that the revised form was irrelevant to Lee's state of mind at the time of the crimes and that admission of the revised form might confuse the jury.

On appeal, Lee claims that the refusal to admit the revised form into evidence was error. She maintains that, if the jury had compared the two forms, it would have concluded that the forms that she signed did not give a clear warning that her actions were illegal. Further, she claims that each form she signed was so misleading as to violate the Due Process Clause because the form did not give her fair notice that she was committing a crime. We review a district court's evidentiary rulings for abuse of discretion. *United States v. Godwin*, 272 F.3d 659, 670 (4th Cir. 2001), *cert. denied*, 535 U.S. 1069 (2002).

Several questions were printed on page one of every Form 4473 that Lee signed. Question 9(a) asked, "Are you the actual buyer of the firearm indicated on this form? If you answer 'no' to this question the dealer cannot transfer the firearm to you. (See Important Notice 1.)" Important Notice 1, also printed on the form, stated:

> **WARNING**—The Federal firearms laws require that the individual filling out this form must be buying the firearm for himself or herself or as a gift. Any individual who is not buying the firearm for himself or herself or as a gift, but who completes this form, violates the law. Example: Mr. Smith asks Mr. Jones to purchase a firearm for Mr. Smith.

> Mr. Smith gives Mr. Jones the money for the firearm. If Mr. Jones fills out this form, he will violate the law.

Lee responded "yes" to question 9(a) on each of the six forms that she signed. At the bottom of page one of the form (directly above Lee's signature), the following language appeared: "I certify that the above answers are true and correct. . . . I also understand that the making of a false oral or written statement . . . is a crime punishable as a felony."

The forms that Lee signed were not confusing or misleading. The forms plainly informed the purchaser that it was a crime to take money from another person to buy that person a gun, purchase the gun, and give it to that person. Further, the form clearly advised the purchaser that failure to truthfully complete the form constituted a crime. The fact that the form was revised several months after Lee's six purchases has no relevance to her state of mind when she committed the offenses. Furthermore, the revision of the form does not alter the fact that the forms she signed warned her that her actions constituted a crime.

For these reasons, we conclude that the district court did not abuse its discretion when it refused to admit the revised ATF Form 4473. We also find that there was no violation of Lee's rights under the Due Process Clause. We accordingly affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*